UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WIESLAW J. WALAWENDER,

                                 Plaintiff,

v.                                                  Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                                 Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Wieslaw J. Walawender is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Wieslaw J. Walawender incurred a credit card debt to MBNA Bank. This debt will be referred to as "the subject debt."

10. That the subject was subsequently assigned to Bank of America.

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter is alleged to have defaulted on the subject debt.

13. That upon information and belief, after Plaintiff's alleged default, Defendant NCO was employed by Bank of America to collect the subject debt.

14. That on or about May 5, 2008, Defendant called Plaintiff's cellular telephone in an attempt to collect the subject debt. An employee Defendant who identified herself as, "Joelle" stated that Defendant was determined to collect the subject debt on behalf of Bank of America. Plaintiff informed Joelle that the account in question was currently being disputed with the Office of the Comptroller of the Currency. Plaintiff added that he had hired an attorney group, The Consumer Law Center of Florida, to represent him in the dispute. Plaintiff then asked Joelle to provide him with a notice of the subject debt. Upon hearing this Joelle thanked Plaintiff for the explanation and stated she would note the circumstances surrounding the subject debt in their file. During the course of said conversation, Plaintiff informed Defendant of the name and telephone number of the attorney at The Consumer Law Center of Florida who was working on his case.

15. That on or about May 6, 2008, an employee of Defendant called Plaintiff's cellular telephone and identified herself as, "Angela." Angela stated she was aware that Plaintiff had hired The Consumer Law Center of Florida, but Defendant did not care about such an "outfit

16. That shortly after the telephone call described in paragraph 15 herein, Plaintiff contacted Defendant and was transferred to an employee who identified herself as, "Linda Waterman." Upon picking up the call Ms. Waterman immediately stated to Plaintiff that must pay a sum certain, or that Plaintiff's account will be charged off and further proceedings would begin. Plaintiff stated that he needed copies of any notices sent to him. Plaintiff tried to explain that he had an ongoing dispute in regards to the subject debt to which Ms. Waterman replied that the circumstances were immaterial and Plaintiff must pay the stated sum to prevent a charge off. Ms. Waterman stated that this is how it is done in America and that if Plaintiff did not like it he can go back to where he came from.

17. That at no time has Plaintiff received a notice from Defendant regarding the subject debt and his right to dispute said debt as required by 15 U.S.C. §1692g.

18. That as a result of Defendant's acts Plaintiff Wieslaw J. Walawender became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff Wieslaw J. Walawender repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff in connection with the collection of the subject debt while knowing Plaintiff was represented by an attorney regarding said debt.

    B. Defendant violated 15 U.S.C. §1692d(2) by using language the natural consequence of which is to abuse the hearer when they stated that further proceedings would begin, and by stating this is how it is done in America and that if Plaintiff did not like it he could go back to where he came from.

    C. Defendant violated 15 U.S.C. §1692g(a) by failing to furnish Plaintiff with notice of the subject debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff Wieslaw J. Walawender became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Wieslaw J. Walawender demands trial by jury in this action.

Dated: December 12, 2008
/s/Kenneth R. Hiller, Esq._
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

3

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Wieslaw J. Walawender affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: December 12, 2008                                     /s/Wieslaw J. Walawender___
                                                             Wieslaw J. Walawender